IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02127-M-RJ

DANIEL MONTRELL MYRICK, )
)
       Petitioner, )
)
v. )    ORDER
)
DAVID RICH, )
)
       Respondent. )

On July 1, 2024, Daniel Montrell Myrick ("petitioner"), a federal inmate, filed *pro se* a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1] (contending custody credits he earned between April 10 and December 10, 2013, were not properly credited).

On October 31, 2024, the court allowed the action to proceed. See Order [D.E. 4].

On December 16, 2024, respondent moved for summary judgment, Mot. [D.E. 9], and filed a memorandum in support [D.E. 10], a statement of facts [D.E. 11], an appendix [D.E. 12], including the declaration of Federal Bureau of Prisons ("BOP") Management Analyst Joan Sanchez, [D.E. 12-1], with supporting documents [D.E. 12-2, 12-3, 12-4, 12-5, 12-6, 12-7].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about this motion, the response deadline, and the consequences of failing to respond. [D.E. 13]. Petitioner, however, failed to respond and the time to do so has passed.

Statement of Material Facts:

A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth

Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir 2017) (per curiam) (unpublished); see Fed. R. Civ. P. 56(e)(2).

Respondent's statement of material facts cites the underlying evidence, which the court has reviewed, whereas petitioner has not filed any opposing statement of facts.

On April 10, 2013, federal authorities arrested petitioner for a supervised release violation, and he remained in federal custody thereafter. Resp't Stmt. Mat. Facts. [D.E. 11] at ¶1; see Arrest Warrant [D.E. 45], United States v. Myrick, No. 4:05-cr-00037-H-1 (E.D.N.C. Apr. 16, 2013).

On June 5, 2013, petitioner was sentenced in this judicial district to an 8-month term of imprisonment for this supervised release violation. Resp't Stmt. Mat. Facts. [D.E. 11] at ¶2; see J. [D.E. 48], Myrick, No. 4:05-cr-00037-H-1 (E.D.N.C. June 7, 2013).

Applying "BOP Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and the provisions of 18 U.S.C. § 3584 and 18 U.S.C. § 3585(a), the BOP prepared a sentence computation . . . based on the 8-month term of imprisonment, commencing on June 5, 2013, the date the federal sentence was imposed." Resp't Stmt. Mat. Facts. [D.E. 11] at ¶3.

"Petitioner was granted 56 days of qualified presentence credit for time spent in custody prior to the sentence imposition (from April 10, 2013, through June 4, 2013). . . . Petitioner's 8-month sentence was calculated as having a Full-Term Release Date of December 10, 2013." Id.

While still serving his 8-month supervised release violation sentence, petitioner was indicted on new charges in the United States District Court for the Eastern District of New York ("E.D.N.Y.") on July 11, 2013, and ordered detained pending trial on July 24, 2013. Id. at ¶¶4–5 (citing United States v. Myrick, No. 1:12-cr-00385-AAR-3 (E.D.N.Y)).

2

On December 10, 2013, petitioner satisfied his 8-month supervised release violation sentence, but he remained in federal custody pending trial in the E.D.N.Y. case. Id. at ¶6.

On July 26, 2016, petitioner was sentenced to a 204-month term of imprisonment pursuant to convictions for Racketeering Conspiracy and Murder in Aid of Racketeering in the E.D.N.Y. Id. at ¶7; see J. [D.E. 288], Myrick, No. 1:12-cr-00385-AAR-3 (E.D.N.Y. July 28, 2016).

Applying "BOP Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and the provisions of 18 U.S.C. § 3584 and 18 U.S.C. § 3585(a)," the BOP prepared a sentence computation in the E.D.N.Y. case "based upon the 204-month term of imprisonment, commencing on July 26, 2016, the date the federal sentence was imposed," which is the earliest possible commencement date. See Resp't Stmt. Mat. Facts. [D.E. 11] at ¶¶8–9.

"Petitioner received 958 days of qualified presentence credit (from December 11, 2013, through July 25, 2016), representing the entire period following completion of his 8-month sentence through the day prior to commencement of the 204-month sentence." Id. at ¶8.

Petitioner "is not entitled to presentence credit against his current 204-month federal sentence for any time spent in service of his prior 8-month supervised release sentence, including the period of April 10, 2013, through December 10, 2013." Id. at ¶10.

Petitioner's present federal sentence is his 204-month term of imprisonment, he has been credited with 958 days of prior custody credit, and he is currently scheduled for release from BOP custody, via the projected earning of good conduct time, on November 1, 2028. See id. at ¶11.

Legal Standard:

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to

3

judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A court reviewing a motion for summary judgment should determine if a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Petitioner seeks to have his instant 204-month federal sentence credited with time for his period of incarceration from April 10, 2013, through December 10, 2013. See Pet. [D.E. ].

In support of the motion for summary judgment, respondent argues this period of incarceration was applied to another sentence and petitioner has received all the credit towards the satisfaction of his current federal sentence to which he is entitled. Resp't Mem. [D.E. 10] at 5–9.

The Attorney General, through the BOP, is responsible for administering federal criminal sentences. See United States v. Wilson, 503 U.S. 329, 335 (1992).

The statutory scheme guiding the calculation of a federal term of imprisonment states:

4

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

BOP Management Analyst Joan Sanchez declares, *inter alia*, that: she has been in her current position since October 2023 and worked with sentence computations since May 2011; her duties include litigation assistance where federal inmates challenge sentence computations; she audited petitioner's sentence computation in accordance with federal statutes and BOP policy; the attached BOP records are "business records of regularly conducted activity" Sanchez is "qualified to authenticate" that "(1) were made at or near the time of the occurrence or the matters set forth by, or from information transmitted by, a person with knowledge of those matters," "(2) are kept in the course of regularly conducted activity," and "(3) were made by the regularly conducted activity as a regular practice"; she reviewed petitioner's claim that the BOP failed to properly credit his sentence with time spent in custody from April 10, 2013, to December 10, 2013; on April 10, 2023, petitioner was arrested by federal authorities for a supervised release violation in Myrick, No. 4:05-cr-00037-H-1 (E.D.N.C.), and he remained in federal custody thereafter; on June 5, 2013,

5

petitioner was sentenced to an 8-month term of imprisonment for his supervised release violation; pursuant to BOP Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and the provisions of 18 U.S.C. § 3584 and 18 U.S.C. § 3585(a), the BOP prepared a sentence computation based on petitioner's 8-month term of imprisonment, commencing on June 5, 2013, and granted him 56 days of qualified presentence credit from April 10, 2013, to June 4, 2013, making the Full-Term Release Date December 10, 2013; on July 11, 2013, while serving his 8-month supervised release violation sentence, petitioner was indicted on new charges in Myrick, No. 1:12-cr-00385-AAR-3 (E.D.N.Y.); on July 24, 2013, while still serving his 8-month supervised release violation sentence, petitioner was ordered detained pending trial in the E.D.N.Y. case; on December 10, 2013, petitioner's 8-month supervised release violation sentence was satisfied, but he remained in federal custody pending trial in the E.D.N.Y. case; on July 26, 2016, petitioner was sentenced in the E.D.N.Y. case to a 204-month term of imprisonment pursuant to his Racketeering Conspiracy and Murder in Aid of Racketeering convictions; in accordance with BOP Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and the provisions of 18 U.S.C. § 3584 and 18 U.S.C. § 3585(a), the BOP prepared a sentence computation in the E.D.N.Y. case based on a 204-month term of imprisonment commencing on July 26, 2016; "petitioner received 958 days of qualified presentence credit (from December 11, 2013, thorough July 25, 2016), representing the entire period following completion of his 8-month sentence through the day prior to the commencement of the 204-month sentence"; petitioner "is currently projected to release from his 204-month sentence, via Good Conduct Time release, November 1, 2028"; and "In accordance with BOP Program Statement 5880.28 and 18 U.S.C. § 3585(b), [petitioner] is not entitled to receive prior custody credit against his current 204-month sentence

6

for the period of April 10, 2013, through December 10, 2013, as this period has already been credited against another sentence." See Resp't App., Sanchez Decl. [D.E. 12-1] at ¶¶1–14.

The record supports both Sanchez's declaration and respondent's statement of material facts. See Resp't App. [D.E. 12-2] (Aug. 1, 2016, Individual Custody / Detention Report); id., [D.E. 12-3] (June 5, 2013, Judgment in Myrick, No. 4:05-cr-00037-H-1 (E.D.N.C.), sentencing petitioner to an 8-month term of incarceration for supervised release violation); id., [D.E. 12-4] at 2–8 (SENTRY Public Information for petitioner reflecting: petitioner's Nov. 1, 2028, projected release date from his present 204-month E.D.N.Y. term of incarceration; computation for petitioner's present 204-month E.D.N.Y. term of incarceration with a computation date of July 26, 2016, jail credit from Dec. 11, 2013, to July 25, 2016, and total prior credit time of 958 days; computation for petitioner's prior 8-month E.D.N.C. term of incarceration, with a computation date of June 5, 2013, an actual satisfaction date of Dec. 10, 2013, jail credit from Apr. 10, 2013, to June 4, 2013, and total prior credit time of 56 days); id., [D.E. 12-5] (docket printout in Myrick, No. 1:12-cr-00385-AAR-3 (E.D.N.Y)); id., [D.E. 12-6] (July 26, 2016, Judgment in Myrick, No. 1:12-cr-00385-AAR-3 (E.D.N.Y), sentencing petitioner to a 204-month term of incarceration); id., [D.E. 12-7] at 2 (BOP Program Statement 5880.28, Sentence Computation Manual CCCA of 1984, (Feb. 14, 1997), stating that, "Prior custody time credit is controlled by 18 U.S.C. § 3585(b)").

By contrast, there is no record support for petitioner's bald claim that the BOP failed to properly apply custody credits he earned between April 10 and December 10, 2013. See Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (noting "neither '[u]nsupported speculation,' nor evidence that is 'merely colorable' or 'not significantly probative,' will suffice to defeat a motion for summary judgment" (internal citations omitted)).

7

Viewing the record and the reasonable inferences drawn therefrom in the light most favorable to petitioner, Scott, 550 U.S. at 378, respondent has demonstrated that petitioner's custody from April 10, 2013, to December 10, 2013, was credited against his 8-month supervised release violation sentence in Myrick, No. 4:05-cr-00037-H-1 (E.D.N.C.), such that he is not entitled to custody credit for that same period against his current 204-month sentence in Myrick, No. 1:12-cr-00385-AAR-3 (E.D.N.Y), see 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337 (noting, by enacting 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time"). Petitioner, by contrast, fails to come forward with specific facts showing that there is a genuine issue for trial. See Matsushita, 475 U.S. at 587. Accordingly, respondent is entitled to summary judgment. See Anderson, 477 U.S. at 247–49.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

In sum, the court: GRANTS respondent's motion for summary judgment [D.E. 9]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 2d day of April, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge